1

2

3

4

5

6

7               UNITED STATES DISTRICT COURT

8              EASTERN DISTRICT OF CALIFORNIA

9

10 ROCHELLE WYNES, et al,              No. 2:10-cv-00702-MCE-GGH

11          Plaintiffs,

12      v.                             MEMORANDUM AND ORDER

13 KAISER PERMANENTE HOSPITALS,
   et al,
14
            Defendants.
15

16                    ----oo0oo----

17      The dispute arises over the termination of Plaintiffs by

18 Defendant employer on alleged grounds of age and disability

19 discrimination.  Kaiser Permanente Hospitals, Kaiser Permanente,

20 Inc., Ruby Gartrell, Luann Lemay, Henry Amos, Maria Zayac,

21 Barbara Voors, and Cornelius Stewart ("Defendants") have now

22 filed concurrent motions: (1) a Motion to Dismiss for failure to

23 state a claim upon which relief can be granted pursuant to

24 Fed. R. Civ. Proc.[1] 12(b)(6) with respect to both entire claims

25 and as to individual defendants; and (2) a Motion to Strike

26 certain aspects of Plaintiffs' Complaint pursuant to Rule 12(f).

27 _____

28      [1] All further references to "Rule" or "Rules" are to the
   Federal Rules of Civil Procedure unless otherwise noted.

                            1

Following a review of the implicated statutes and an application of the relevant case law, Defendants' 12(b)(6) Motion to Dismiss is GRANTED with leave to amend and Defendants' 12(f) Motion to Strike is also GRANTED.

## BACKGROUND[2]

Plaintiffs Rochelle Wynes, Carmela Ray, Linda Baerresen, and Marsha Scribner ("Plaintiffs") were registered nurses employed by Kaiser Foundation Hospitals for a significant length of time before they were terminated in 2008 and 2009.[3]  At the time of their termination, Plaintiffs were employed as senior discharge planners (also referred to as "patient care coordinators").  All named Plaintiffs are over 40 years of age.[4]

Plaintiff Scribner was terminated in November, 2008 when she was 64 years of age.  Plaintiff Ray was terminated in February, 2009.  Plaintiff Baerresen was terminated in October, 2008 at 59 years of age.  Plaintiff Wynes was terminated in March, 2009 at 52 years of age.

///

///

[2] The factual assertions in this section are based on the allegations in Plaintiffs' Complaint unless otherwise specified.

[3] The Complaint also names Kaiser Permanente, Inc. as a defendant.  However, Defendants assert that this organization is in Southern California and never employed any of the Plaintiffs.

[4] The Age Discrimination in Employment Act ("ADEA") establishes 40 as the threshold age to qualify for protection. 29 U.S.C. § 631(a)

1    According to Plaintiffs, they each made a charge of

2   employment discrimination with the California Department of Fair

3   Employment and Housing ("DFEH" or "Department"), the state agency

4   responsible for receiving and investigating employment

5   discrimination claims under California law, and concurrently with

6   the Equal Employment Opportunity Commission ("EEOC" or

7   "Commission") within 180 days of the alleged unlawful employment

8   practice they allege.  On March 24, 2009, the DFEH issued a

9   notice of case closure and right-to-sue letter to Plaintiff Wynes

10  on March 24, 2009 and the Complaint was filed within one year of

11  that date as required by statute.  Since receiving the right-to-

12  sue letter, Plaintiff Wynes has submitted additional charges to

13  the DFEH which has yet to result in an investigation or a right-

14  to-sue letter.

15    The remaining Plaintiffs have filed employment

16  discrimination charges with the DFEH but have not yet received

17  case closure notices.  More specifically, Plaintiff Baerresen

18  submitted charges to DFEH on September 25, 2009 alleging age,

19  race, and disability discrimination and the matter remains under

20  investigation; Plaintiff Scribner submitted charges to DFEH on

21  June 30, 2009 alleging age discrimination and the matter is still

22  under investigation; and Plaintiff Ray submitted charges to DFEH

23  in March, 2010 alleging ethnic and age discrimination and the

24  matter has yet to be investigated.

25  ///

26  ///

27  ///

28  ///

1    Plaintiffs filed their Complaint on March 23, 2010 alleging
2 numerous state and federal claims: (1) wrongful termination in
3 violation of the Age Discrimination in Employment Act ("ADEA"),
4 29 U.S.C. § 621 et seq.; (2) violation of the Americans with
5 Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq.;
6 (3) discrimination and retaliation by individual defendants in
7 violation of federal and state law; (4) wrongful termination in
8 violation of public policy; (5) intentional infliction of
9 emotional distress; (6) breach of contract; (7) (unnumbered in
10 Complaint) violation of the Lilly Ledbetter Fair Pay Act of 2009
11 ("Act"), Pub. L. 111-2, §§ 2-5, 123 Stat. 5 (2009);
12 (8) violations of the provisions of the Employee Retirement
13 Income Security Act of 1974 ("ERISA"), Pub. L. 93-406, 88 Stat.
14 829 (1974); and (9) assault and battery against Defendant Maria
15 Zayac.  Plaintiffs' Complaint also implicates § 701 of Title VII
16 of the Civil Rights Act of 1964, 42 U.S.C. § 2000(3).  This Court
17 must now determine whether: (1) Plaintiffs have asserted
18 sufficient factual allegations to survive Defendants' Motion to
19 Dismiss; and (2) the cited language in the Complaint is relevant
20 to the dispute.

21
22                              **STANDARD**
23    **A.    Motion to Dismiss**
24
25    On a motion to dismiss for failure to state a claim under
26 Rule 12(b)(6), all allegations of material fact must be accepted
27 as true and construed in the light most favorable to the
28 nonmoving party.

1   Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir.

2   1996).  Federal Rule of Civil Procedure 8(a)(2) requires only "a

3   short and plain statement of the claim showing that the pleader

4   is entitled to relief," in order to "give the defendant fair

5   notice of what the...claim is and the grounds upon which it

6   rests."  Conley v. Gibson, 355 U.S. 41, 47 (1957).  While a

7   complaint attacked by a Rule 12(b)(6) motion to dismiss does not

8   need detailed factual allegations, a plaintiff's obligation to

9   provide the "grounds" of his "entitlement to relief" requires

10  more than labels and conclusions, and a formulaic recitation of

11  the elements of a cause of action will not do.  Bell Atl. Corp.

12  v. Twombly, 550 U.S. 544 (2007) (internal citations and

13  quotations omitted).  Factual allegations must be enough to raise

14  a right to relief above the speculative level.  Id. at 555

15  (citing 5 C. Wright & A. Miller, Federal Practice and Procedure

16  § 1216, pp. 235-236 (3d ed. 2004) ("The pleading must contain

17  something more...than...a statement of facts that merely creates

18  a suspicion [of] a legally cognizable right of action").

19       If the court grants a motion to dismiss a complaint, it must

20  then decide whether to grant leave to amend.  The court should

21  "freely give[]" leave to amend when there is no "undue delay, bad

22  faith[,] dilatory motive on the part of the movant,...undue

23  prejudice to the opposing party by virtue of...the amendment,

24  [or] futility of the amendment...."  Fed. R. Civ. P. 15(a); Foman

25  v. Davis, 371 U.S. 178, 182 (1962).  Generally, leave to amend is

26  only denied when it is clear that the deficiencies of the

27  complaint cannot be cured by amendment.  DeSoto v. Yellow Freight

28  Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

1    **B.    Motion to Strike**

2

3        The Court may strike "from any pleading any insufficient

4    defense or any redundant, immaterial, impertinent, or scandalous

5    matter."  Fed. R. Civ. P. 12(f).  "(T)he function of a 12(f)

6    motion to strike is to avoid the expenditure of time and money

7    that must arise from litigating spurious issues by dispensing

8    with those issues prior to trial...."  Sidney-Vinstein v. A.H.

9    Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).  Immaterial matter

10   is that which has no essential or important relationship to the

11   claim for relief or the defenses being pleaded.  Fantasy, Inc. v.

12   Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) (rev'd on other

13   grounds Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994)) (internal

14   citations and quotations omitted).  Impertinent matter consists

15   of statements that do not pertain, and are not necessary, to the

16   issues in question.  Id.

17

18                            **ANALYSIS**

19   **A.    Motion to Dismiss**

20

21       Defendants filed a 12(b)(6) Motion to Dismiss attacking:

22   (1) Plaintiffs' ADEA claims with respect to individual claimants

23   for failure to exhaust administrative remedies; (2) Plaintiffs'

24   ADA claims against individual defendants as well as arguing that

25   Plaintiffs failed to satisfy the statutory requirements to bring

26   a civil suit; (3) Plaintiffs' discrimination and retaliation

27   charges against individual defendants; (4) Plaintiffs' wrongful

28   termination charge;

                                 6

(5) Plaintiffs' cause of action under the Lilly Ledbetter Pay Act; and (6) Plaintiffs' cause of action under ERISA.  (Defs.' Mem. of P & A in Support of Mot. to Dismiss at 1).  A review of the implicated federal statutes and the applicable case law reveal that Defendants have the prevailing argument.

### 1.    ADEA Claims

Defendants allege that Plaintiffs Ray, Baerresen, and Scribner have not exhausted the statutorily required administrative remedies.  (Defs.' Mem. of P & A in Support of Mot. to Dismiss 2).  Plaintiffs assert that charges of employment discrimination were filed concurrently with the DFEH as well as with the EEOC within 180 days of the discovery of the commission of the unlawful employment practices.  (Complaint ¶ 9).  Moreover, Plaintiffs contend that they are now opting to waive their rights under the California Fair Housing and Employment Act, Cal. Gov. Code §§ 12900-12996, and proceed in the instant litigation presumably under 29 U.S.C. § 626(f).  (Pls.' Opp. to Mot. to Dismiss 2).  That action, however, does not correct the deficiencies in the Complaint.

In California, an individual who first files a complaint with the DFEH must file the same charge with the EEOC within 300 days of the alleged unlawful practice.  29 U.S.C. § 626(d)(1)(B); Bean v. Crocker Nat. Bank, 600 F.2d 754 (9th Cir. 1979).

///

///

///

1  It is important to note that the Supreme Court has concluded that

2  filing a timely charge with the EEOC is not a prerequisite to

3  suit in federal court, but rather, "is subject to waiver,

4  estoppel, and equitable tolling."  <u>Zipes v. Trans World Airlines,</u>

5  <u>Inc</u>., 455 U.S. 385, 393 (1982).

6       Under California law, an aggrieved individual alleging

7  workplace discrimination must exhaust administrative remedies

8  before he or she may bring a civil suit.  Cal. Gov't Code

9  § 12960(b).  In order to satisfy this requirement, the individual

10 must file a verified complaint with DFEH within one year of the

11 alleged workplace discrimination and obtain notice from the

12 Department of the right-to-sue.  Cal. Gov't Code § 1260(d).  This

13 letter may be obtained upon the request of the complainant or by

14 the DFEH upon completion of its investigation.  Cal. Gov't Code

15 § 1265(b).  Such a letter is a prerequisite to commencing civil

16 litigation under the FEHA.  <u>See</u>, <u>e.g.</u>, <u>Denny v. Universal City</u>

17 <u>Studios, Inc.</u>, 10 Cal. App. 4th 1226 (1992).  Federal courts

18 overseeing litigation implicating the FEHA have reached the same

19 conclusion.  <u>See</u>, <u>e.g.</u>, <u>Davenport v. Board of Trustees of State</u>

20 <u>Center Community College Dist</u>., 654 F. Supp. 2d. 1073, 1088 (E.D.

21 Cal. 2009) (holding that, to bring a civil action under FEHA, the

22 aggrieved person must exhaust the administrative remedies

23 provided by California law).

24 ///

25 ///

26 ///

27 ///

28 ///

1    The ADEA provides a cause of action for aggrieved
2  individuals as defined by the suit; however, such a right
3  terminates upon the commencement of an action by the EEOC.
4  29 U.S.C. § 626(c)(1).  Additionally, the ADEA establishes that,
5  if the charges are dismissed or otherwise terminated by the
6  Commission, it must then notify the complainant who may then
7  commence a civil suit within 90 days of receipt of such notice.
8  29 U.S.C. § 626(e).

9    California is a deferral state under the ADEA, meaning that
10  the EEOC has agreed to defer cases to the appropriate state
11  entity for preliminary investigation.  McConnell v. General
12  Telephone Co. of California, 814 F.2d 1311 (9th Cir. 1987) cert.
13  denied 484 U.S. 1059 (1988).  Consequently, contrary to
14  assertions by Defendants, Plaintiffs have satisfied the filing
15  requirement with the EEOC.  However, Plaintiffs have failed to
16  exhaust administrative remedies because they have not received
17  the right-to-sue letter from the DFEH.  See Oscar Mayer & Co. v
18  Evans, 441 U.S. 750 (1979) (holding that, in states having laws
19  prohibiting discrimination proscribed by the ADEA, an aggrieved
20  person must resort to appropriate state remedies before bringing
21  an age discrimination suit in federal court).  Therefore,
22  Plaintiffs Baerresen, Ray, and Scribner have failed to state a
23  claim upon which relief can be granted because they have not
24  exhausted their state administrative remedies.

25    Accordingly, Defendants' motion to dismiss Plaintiffs' ADEA
26  claims for failure to exhaust administrative remedies is GRANTED
27  with leave to amend.
28  ///

9

1          **2.   ADA Claims**

2

3          Defendants argue that Plaintiffs' ADA claims against

4    individual Defendants Gartrell and LaMay are deficient because

5    (i) neither are "employers" as defined by the statute, and

6    (ii) Plaintiffs have yet to receive a right-to-sue letter from

7    the DFEH, they have not exhausted the required administrative

8    remedies.  (Defs.' Mem. of P & A in Support of Mot. to Dismiss

9    3).  Following a review of the pertinent statutes and applicable

10   case law, Defendants again have the prevailing argument.

11

12              **(i)   Individuals**

13

14         Although both parties cite <u>Walsh v. Nevada Department of</u>

15   <u>Human Resources</u>, 471 F.3d 1033 (9th Cir. 2006), they arrive at

16   different conclusions.  Plaintiffs contend that individuals can

17   be held liable under the ADA and cite in support of Judge

18   Fletcher's dissenting opinion in <u>Miller v. Maxwell's</u>

19   <u>International, Inc.</u>, 991 F.2d 583 (9th Cir. 1993) (concluding

20   that an individual can be personally liable under sections 701

21   through 718 of Title VII of the Civil Rights Act of 1964).

22   Additionally, Plaintiffs attempt to draw a factual distinction in

23   that the defendants in <u>Walsh</u> were government employees and that

24   "the principals [sic] enunciated therein are not applicable and

25   should not be extended to private sector employers."  (Pls.' Opp.

26   to Mot. to Dismiss 3).  However, Plaintiffs ask this Court to

27   decide against applying what is clearly established law within

28   the Ninth Circuit.

1    In <u>Walsh</u>, the Court closely analyzed the language of the ADA

2    and concluded that, because Title I of the ADA adopts both a

3    definition of "employer" and a remedial scheme that is "identical

4    in many respects" to Title VII of the Civil Rights Act of 1964,

5    the bar against individual agents of the employer established in

6    <u>Miller</u>, <u>supra</u>, in Title VII civil suits applies to the ADA.

7    <u>Walsh</u>, 471 F.3d at 1038.  Such are the circumstances in the

8    instant case.  Plaintiffs are bringing ADA claims against

9    individual Defendants Gartrell and Lemay, individual agents of

10   the employer, which is clearly prohibited in the Ninth Circuit.

11   Accordingly, Defendants' motion to dismiss with respect to

12   the ADA claims against individual defendants is GRANTED with

13   leave to amend.

14

15              **(ii) Exhaustion**

16

17   In support of their contention that Plaintiffs Wynes and

18   Baerresen have failed to exhaust the required administrative

19   remedies, Defendants point to the fact that Baerresen has yet to

20   receive a right-to-sue letter from the DFEH.  (Defs.' Mem. of P &

21   A in Support of Mot. to Dismiss 4).

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

11

1  Additionally, Defendants also note that Wynes, in her initial

2  charge filed with the DFEH, did not allege disability

3  discrimination and, as a result, has submitted additional charges

4  to the Department to, presumably, provide grounds for this

5  claim.[5] (Id.)  Plaintiffs do not deny the fact that they have not

6  received the appropriate right-to-sue letters.

7      The ADA requires that a person bringing a civil suit under

8  the Act (1) timely file with the EEOC and (2) receive notice from

9  the Commission of a right to sue.  42 U.S.C. § 2000e-5(f)(1);

10  Alexander v. Gardner-Denver Co., 415 U.S. 36, 47 (1974).  In

11  deferral states such as California, the initial pursuit of state

12  administrative remedies is a mandatory step in the process of

13  obtaining relief under the ADA.  London v. Coopers & Lybrand, 644

14  F.2d 811 (9th Cir. 1981).  California law, like its federal

15  counterpart, requires a complainant to receive a notice of right-

16  to-sue before commencing a civil lawsuit.  Denny, 10 Cal. App.

17  4th. Plaintiff Baerresen has not received such a letter and her

18  charge remains under investigation by DFEH.  Additionally, where

19  claims are not originally raised with the EEOC or the equivalent

20  state agency, a federal district court does not have subject

21  matter jurisdiction over them in a civil case.  Shah v. Mt. Zion

22  Hospital and Medical Center, 642 F.2d 268 (9th Cir. 1981).

23  ///

24  ///

25  ///

26

27  [5] Plaintiff Wynes' right-to-sue letter concerned "wrongful termination based upon age, gender, racial, and freedom of association discrimination, including harassment and retaliation

28  claims."  (Complaint ¶ 10).

1  With respect to Plaintiff Wynes' right-to-sue letter, the ADA

2  violations were not originally included in the charge filed with

3  the DFEH.  Therefore, this Court does not have subject matter

4  jurisdiction.

5       Accordingly, Defendants' motion to dismiss the ADA claims

6  due to Plaintiffs' failure to exhaust state administrative

7  remedies is GRANTED with leave to amend.

8

9                  **3.   Discrimination and Retaliation**

10

11      Defendants contend that Plaintiffs Wynes and Baerresen's

12  cause of action for discrimination and retaliation in violation

13  of federal and state law against individual defendants Gartrell,

14  Lemay, and Amos should be dismissed because the statutes cited do

15  not provide for relief against individuals.  (Defs.' Mem. of P &

16  A in Support of Mot. to Dismiss 4).  In response, Plaintiffs

17  halfheartedly support the claim against individuals and reassert

18  that such a cause of action exists against employers.  Plaintiffs

19  cite the ADA, the ADEA, Title VII, 42 U.S.C. 2000e, The Civil

20  Rights Act of 1991, 42 U.S.C. § 1981, and the Fair Labor

21  Standards Act, 29 U.S.C. § 201 et seq., in their opposition

22  brief.  (Pls.' Opp. to Mot. to Dismiss at 4).  However,

23  Plaintiffs only cite the ADA in their Complaint.  Aside from a

24  reference to the ADA, Plaintiffs do not cite any state or federal

25  statute in the cause of action.  As already established, the ADA

26  does not provide causes of action against individual defendants.

27  <u>Walsh</u>, 471 F.3d at 1038.

28  ///

1    Accordingly, Defendants' motion to dismiss Plaintiffs' Third
2 Cause of Action is GRANTED with leave to amend.

3

4          **4.   Wrongful Termination in Violation of Public Policy**

5

6    Defendants attack Plaintiffs Ray, Baerresen, and Scribner's
7 Fourth Cause of Action on two grounds.  First, Defendants argue
8 that "a claim of wrongful termination in violation of
9 public...must identify a specific statute or regulation that the
10 plaintiff claims the employer violated."  (Defs.' Mem. of P & A
11 in Support of Mot. to Dismiss 5).  Having failed to cite such a
12 statute, argue Defendants, the cause of action should be
13 dismissed.  Second, Defendants assert that Plaintiffs have failed
14 to plead the necessary factual allegations to support their
15 claim.  (Id.)  The essence being that this showing is not
16 sufficient to satisfy Bell Atlantic Corp v. Twombly, 550 U.S. 544
17 (2007).

18    In their opposition brief, Plaintiffs cite several statutes,
19 both state and federal, that establish an employee's property
20 interest in his or her employment and career.  (Pls. Opp. to Mot.
21 to Dismiss 4).  Moreover, citing Leatherman v. Tarrant County
22 Narcots Intelligence Coordination Unit, 507 U.S. 163 (1993),
23 Plaintiffs argue that they have met the Rule 8 pleading standards
24 and cite specific paragraphs within the Complaint that they
25 believe do so.  (Pls. Opp. to Mot. to Dismiss at 5).
26 ///
27 ///
28 ///

14

1    Rule (8)(a)(2) requires "more than labels and conclusions"

2  and must contain "something more than a statement of facts that

3  merely creates a suspicion [of] a legally cognizable right of

4  action." Twombly, 550 U.S. at 555 (internal quotation and

5  citation omitted).  The Supreme Court approvingly cited 5 Wright

6  & Miller § 1202, 94: "Rule 8(a) 'contemplates the statement of

7  the circumstances, occurrences, and events in support of the

8  claim presented' and does not authorize a pleader's 'bare

9  averment that he wants relief and is entitled to it.'" Id. at

10  556, fn 3.

11    When evaluated against the Twombly backdrop, Plaintiffs'

12  Complaint does not contain sufficient factual allegations "to

13  raise a right to relief above the speculative level." Id. at

14  555.  The specific paragraphs in the Complaint pointed to in

15  Plaintiffs' opposition brief appear to be a series of conclusory

16  statements that do not contain detail to adequately notify the

17  Defendants of the Plaintiffs' claim and the grounds upon which it

18  is based with respect to Plaintiffs Ray, Baerresen, and Scribner.

19  The Complaint states "the details of their respective

20  terminations will be more fully provided and described in an

21  amended complaint when a right to sue or determination letters

22  are received." (Complaint ¶ 41).  Such a statement suggests that

23  Plaintiffs themselves are concerned about the factual

24  shortcomings of the Complaint.  Allegations of discrimination and

25  retaliation must be supported by the circumstances, occurrences,

26  and events that both provide a context for the claim and serve as

27  a source of relief. Id.  In the instant case, such factual

28  allegations are absent from Plaintiffs' Complaint.

1    Accordingly, Defendants' motion to dismiss Plaintiffs'

2  Fourth Cause of Action with respect to Plaintiffs Ray, Baerresen,

3  and Scribner is GRANTED with leave to amend.[6]

4

5          **5.   Lilly Ledbetter Pay Act of 2009**

6

7    Defendants also take issue with Plaintiff Wynes' unnumbered

8  cause of action under the Lilly Ledbetter Pay Act of 2009, Pub.

9  L. 111-2, §§ 2-5, 123 Stat. 5 (2009).  Defendants argue that the

10  purpose of the Act was to extend the statute of limitations of

11  preexisting anti-discrimination statutes and not to create an

12  independent cause of action.  (Defs.' Mem. of P & A in Support of

13  Mot. to Dismiss 7).

14    Defendants correctly assert that the Act was intended to

15  modify the statute of limitations imposed on certain

16  discrimination claims following the Supreme Court's decision in

17  Ledbetter v. Goodyear Tire & Rubber Co., 550 U.S. 618 (2007).

18  Plaintiffs may seek damages for discriminatory wage practices;

19  however, such a cause of action must arise under another statute.

20    Accordingly, Defendants' motion to dismiss Plaintiff Wynes'

21  unnumbered cause of action is GRANTED with leave to amend.

22  ///

23  ///

24

25    [6] The Court also notes that Plaintiffs have failed to
identify a specific state or federal statute within the cause of
26  action.  Such an omission leaves both the Court and Defendants
unclear as to the specific remedies Plaintiffs seek and, as noted
27  by the California Supreme Court, to "guess at the nature of the
public policies involves."  Turner v. Anheuser-Busch, Inc.,
28  7 Cal. 4th 1238 (1994).

### 6.   ERISA Claims

Defendants argue that Plaintiffs' Seventh Cause of Action, violation of the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), Pub. L. 93-406, 88 Stat. 829 (1974), should be dismissed because there is no factual allegation to support the claim. (Defs.' Mem. of P & A in Support of Mot. to Dismiss 7). Defendants assert that Plaintiffs have failed to allege which of them were eligible for an ERISA covered plan and have not stated under which plan they would have been eligible for benefits. (Id.)

Section 510 "incorporates the enforcement structure of ERISA's civil enforcement provision, section 502, which generally provides that civil actions may be brought by participants, beneficiaries, fiduciaries, and the Secretary of Labor. Lessard v. Applied Risk Management, 307 F.3d 1020 (9th Cir. 2002) (internal citations and quotations omitted). Section 510 of ERISA provides, in relevant part:

> It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate, against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan...or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan.

29 U.S.C. § 1140. The purpose of section 510 is to prevent actions which would "cut off or interfere with a participant's ability to collect present or future benefits or which punish a participant for exercising his or her rights under an employee benefit plan." Lessard, 307 F.3d at 1024.

///

17

1   The <u>Lessard</u> court goes on to observe that it is a violation of

2   federal law for an employer to discharge an employee or otherwise

3   "discriminate against a participant or beneficiary for exercising

4   <u>any right</u> to which he is entitled under the provisions of an

5   employee benefit plan.  <u>Id.</u> (quoting 29 U.S.C. § 1140) (emphasis

6   added).  A right must first exist under the plan for a plaintiff

7   to be able to recover under a discrimination charge.  <u>See</u> <u>Wright</u>

8   <u>v. Oregon Metallurgical Corp.</u>, 360 F.3d 1090 (9th Cir. 2004)

9   (holding ERISA does no more than protect benefits which are due

10  to employee under the plan).

11      Given the standard articulated above, Plaintiffs' ERISA

12  claims, as stated in the Complaint, are clearly deficient.  At

13  the very minimum, the Complaint should specify which Plaintiffs

14  were eligible for benefits and which benefits established a right

15  under the ERISA.  Consequently, Plaintiffs' ERISA cause of action

16  fails to state a claim upon which relief can be granted.

17      Accordingly, Defendants' motion to dismiss the Plaintiffs'

18  Seventh Cause of Action is GRANTED with leave to amend.

19

20      **7.   Plaintiffs' Remaining Causes of Action**

21

22      Having failed to allege a viable federal claim, with only

23  Plaintiff's state law claims remaining, this Court ceases to have

24  subject matter jurisdiction over the suit.  28 U.S.C.

25  § 1367(c)(3).  The Court declines to exercise its supplemental

26  jurisdiction over the remaining state causes of action and they

27  are dismissed without prejudice.

28  ///

The Court need not address the merits of Defendants' Motion to Dismiss with respect to the remaining state law causes of action as those issues are now moot.

### B.    Motion to Strike

Defendants filed a 12(f) motion to strike on grounds: (1) that the Complaint alleges racial or ethnic discrimination, but does not include a cause of action or claim for relief for such discrimination; (2) the Complaint improperly alleges factual allegations that may only be addressed by the National Labor Relations Board; and (3) the Complaint improperly purports to be brought on behalf of unidentified plaintiffs in violation of Rule 10(a).  (Defs. Mot. to Dismiss 1-2).

### _____1.    Racial/Ethnic Discrimination

Defendants argue that the allegations of racial and ethnic discrimination are immaterial, and should therefore be stricken. (Defs.' Mem. of P & A in Support of Mot. to Strike 4).  Because there is no cause of action for racial discrimination, contend Defendants, the language is irrelevant to the matter in dispute.

The references to the ethnicity/race of the individual Plaintiffs is not materially related to the claim for relief. Fantasy, Inc., 984 F.2d at 1527.  Plaintiffs do not explicitly assert a cause of action for race discrimination in the Complaint, and such discrimination is not subsumed within any of the cited causes of action.

1 Therefore, the references to the race of the individual
2 Plaintiffs is not pertinent to the issues in dispute.

3     Accordingly, Defendants' motion to strike the language
4 alleging racial and ethnic discrimination from the Complaint is
5 GRANTED.

6

7     **2.   NLRA**

8

9     Defendants contend that the language in the Complaint
10 asserting that Plaintiffs were retaliated against for labor
11 organization activities implicates the National Labor Relations
12 Act ("NLRA"), 23 U.S.C. §§ 151-169. (Defs.' Mem. of P & A in
13 Support of Mot. to Strike 3). As a consequence, Defendants
14 assert that such disputes are within the original jurisdiction of
15 the National Labor Relations Board, and "neither federal nor
16 state courts have jurisdiction to grant relief." (Id.)

17     It is well established in the Ninth Circuit that neither
18 state nor federal courts have jurisdiction over suits directly
19 involving activity which is arguably subject to provisions of the
20 NLRA relating to the rights of employees to organize and
21 collectively bargain and to unfair labor practices. Berlault v.
22 Local 40, Super Cargoes and Checkers of Intern. Longshoremen's
23 and Warehousemen's Union, 501 F.2d 258 (9th Cir. 1974); See also
24 San Diego Bldg. Trades Council, Millmen's Union, Local 2020 v.
25 Garmon, 359 U.S. 236, 245 (1959). Defendants' conduct, as
26 described in the Complaint, implicates rights extended to
27 employees under the NLRA. 29 U.S.C. § 158(a)(1).
28 ///

Plaintiffs allege that Defendants retaliated against them for, *inter alia*, "attempting to organize protests and criticism," as well as "advocating for improved working conditions and pay." (Complaint ¶¶ 15, 17). Such interference by an employer is expressly prohibited by the NLRA, 29 U.S.C. § 157, and must be adjudicated before the NLRB, as it is within the primary jurisdiction of the NLRB to adjudicate the status of such conduct. Garmon, 359 U.S. at 246.

Accordingly, Defendants' motion to strike the language within the Complaint implicating the NLRA is GRANTED.

### 3.  Unnamed Plaintiffs

Defendants assert that Plaintiffs' Complaint improperly purports to be brought on behalf of an unknown number of unnamed additional plaintiffs. (Defs.' Mem. of P & A in Support of Mot. to Strike 2). Rule 10(a) requires that each party be named in the caption at the commencement of a lawsuit. Rules 20 and 23 serve as a corollary to this requirement and allow additional parties to join under two circumstances: (i) if they assert any right to relief jointly, severally, or if the relief arose from the same transaction; and (ii) if it is a class action. The instant litigation does not fall under either of those exceptions.

Traditionally, however, a Court can nonetheless allow for plaintiffs to proceed with an action if compelling reasons are presented. See Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate, 596 F.3d 1036 (9th Cir. 2010).

It is the Plaintiffs burden to establish a need to proceed anonymously.  <u>Does I Thru XXIII v. Advanced Textile Corp.</u>, 214 F.3d 1058 (9th Cir. 2000).  Plaintiffs have not alleged any such compelling justifications for anonymity.

Accordingly, Defendants' motion to strike the language within the Complaint referencing additional plaintiffs is GRANTED.

## CONCLUSION

For the reasons stated above, Defendants' 12(b)(6) motion to dismiss (ECF No. 6) is GRANTED with leave to amend and Defendants' 12(f) motion to strike (ECF No. 7) is GRANTED, also with leave to amend.[7]

IT IS SO ORDERED.

Dated: August 12, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[7] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).

22