UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----

ROCHELLE WYNES, et al.,                    No. 2:10-cv-00702-MCE-GGH

        Plaintiffs,

  v.                                       MEMORANDUM AND ORDER

KAISER PERMANENTE HOSPITALS,
et al.,

        Defendants.

----oo0oo----

Presently before the Court is Defendants' Motion to Sever the claims of Plaintiffs Rochelle Wynes and Marsha Scribner ("Motion"). For the following reasons, Defendants' Motion is denied without prejudice.[1]

///
///
///

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing. E.D. Cal. Local Rule 230(g).

1

**BACKGROUND**

This action was originally filed on March 23, 2010, by Rochelle Wynes, Carmela Ray, Linda Baerresen, Marsha Scribner and Roes 1-75 against Kaiser Permanente Hospitals, Kaiser Permanente, Inc. (together "Kaiser"), a number of individual supervisory Kaiser employees and Does 1-100. The named Plaintiffs were registered nurses employed as senior discharge planners at various Kaiser facilities. According to Plaintiffs, each named Plaintiff was over forty (40) years old and was fired in 2008 or 2009 only to be replaced by a younger employee. Plaintiffs' common claims were based on age discrimination.

This Court granted Defendants' first Motion to Dismiss on August 13, 2010. Rochelle Wynes, Marsha Scribner, Linda Baerresen and Ruth Simpson thereafter filed a First Amended Complaint against the above-named Defendants and one additional individual Defendant. On March 31, 2011, this Court granted in part and denied in part Defendants' second Motion to Dismiss.

Plaintiffs Rochelle Wynes and Marsha Scribner subsequently filed a Second Amended Complaint ("SAC"), and the parties stipulated to the dismissal of all claims brought by Plaintiffs Ruth Simpson and Linda Baerresen. Pursuant to the SAC, both remaining Plaintiffs were wrongfully terminated by supervisory employees acting within the course and scope of their employment and under the knowing direction or acquiescence of their employer, Kaiser. SAC, ¶ 20.

///
///

Both Plaintiffs, who admittedly worked at different Kaiser locations, and thus were supervised by different employees, assert ADEA, wrongful termination, breach of contract and ERISA claims against Kaiser, as well as IIED claims against the individual Defendants.  Plaintiff Wynes also alleges an independent ADA claim and a discrimination and retaliation claim against Kaiser, and Plaintiff Scribner asserts an individual assault and battery claim against Defendant Zayac.

In the operative Complaint, Plaintiffs contend, in pertinent part, that Plaintiff Scribner was terminated for pretextual reasons and that Plaintiff Wynes was "given negative evaluations, the ploy of Kaiser, in place for many years, and the policy for pretermination activities once the plan to terminate had been formulated for that employee." Id., ¶¶ 22-23.  Plaintiffs essentially allege that Kaiser developed a "plan" designed to justify wrongful terminations. Id., ¶ 24.  More specifically, Plaintiffs contend that Kaiser:

> commenced a course of conduct designed to appear to justify the intended termination, carried out to conclude the employment of...the senior planners in several local hospitals.  It began to fabricate allegations of poor performance.  Defendant employer created contrived disciplinary write-ups falsely depicting a deficient employee in order to justify its intended planned retaliatory termination.

Id.  In support of their breach of contract cause of action, Plaintiffs likewise allege that Kaiser "formulated a plan to falsify information for the purpose of fabricating a reason to terminate them and when it intentionally deprived them of the pension rights and benefits previously promised in employment contracts and the plan itself." Id., ¶ 47.

3

Defendants answered the SAC and have now filed the current Motion to Sever the claims of Plaintiffs Wynes and Scribner.

**STANDARD**

Rule 20(a) provides for the joinder of plaintiffs if: "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action."  "The permissive joinder rule 'is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits.'" Robinson v. Geithner, 2011 WL 66158, *5 (E.D. Cal.) (quoting Leaque to Save Lake Tahoe v. Tahoe Reg'l Planning Agency, 558 F.2d 914, 917 (9th Cir. 1997)).  Rule 20 is intended to "address the 'broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.'" Id. (quoting United Mine Workers of America v. Gibbs, 383 U.S. 715, 724 (1966)).

Pursuant to Rule 20(b), "[t]he court may issue orders-including an order to sever trials-to protect a party against embarrassment, delay, expense, or other prejudice that arises from including a person against whom the party asserts no claim and who asserts no claim against the party."
///
///

4

Accordingly, "[e]ven once [the Rule 20(a)] requirements are met, a district court must examine whether permissive joinder would comport with the principles of fundamental fairness or would result in prejudice to either side." <u>Coleman v. Quaker Oats Co.</u>, 232 F.3d 1271, 1296 (9th Cir. 2000) (internal quotations and citations omitted). Thus, "[u]nder Rule 20(b), the district court may sever the trial in order to avoid prejudice." <u>Id.</u>

Finally, pursuant to Federal Rule of Civil Procedure 21, "[m]isjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Indeed, "[i]f the joined plaintiffs fail to meet [the Rule 20] requirements, the district court may sever the misjoined parties, as long as no substantial right will be prejudiced by severance." <u>Coughlin v. Rogers</u>, 130 F.3d 1348, 1351 (9th Cir. 1997).

**ANALYSIS**

According to Defendants, Plaintiffs' claims are not properly joined, and thus their actions should now be severed, because the Plaintiffs have nothing in common other than that they were both over forty (40) years old when their Kaiser employment was terminated. Motion, 1:3-11. Otherwise, Plaintiffs worked at different hospitals, had different supervisors and human resources representatives, were terminated at different times for different reasons and were of different races and actual ages. <u>Id.</u>

5

1  Defendants therefore contend that: 1) Plaintiffs' claims do not
2  arise out of the same transaction or occurrence or series of
3  transactions or occurrences; 2)no common question of law or fact
4  will arise in Plaintiffs' action; 3) Plaintiffs' claims involve
5  wholly different witnesses and documentary proof; 4) judicial
6  economy is better served by severance than joinder; and
7  5) severance will prevent prejudice to Defendants.
8      In Opposition, Plaintiffs argue that their claims are
9  properly joined because Plaintiffs were both long-time senior
10 employees with generally similar skills, abilities and
11 educations, were in the same job classifications and, most
12 importantly, were both terminated pursuant to the same
13 discriminatory Kaiser policy.  Opposition, 1:22-28.  More
14 specifically, Plaintiffs argue that the same high-level Kaiser
15 management employees made decisions to "get rid of" higher
16 salaried experienced senior nurses.  Id., 2:5-7.  Essentially
17 Plaintiffs argue that Kaiser had a policy of contriving false and
18 phony discipline issues as a pretext for age-based terminations.
19 Id., 2:15-24.  Given the commonality of their claims, Plaintiffs
20 argue the same witnesses and evidence will be utilized in this
21 case because the high-level policy makers are one and the same,
22 rendering proof of the high-level policies resulting in each
23 Plaintiff's termination identical.  Id., 3:18-19.
24 ///
25 ///
26 ///
27 ///
28 ///

6

The parties' primary dispute is thus whether the existence of unnamed high-level decision makers who implemented a company-wide policy of terminating older employees in favor of younger employees, and Kaiser's actual implementation of that policy as against Plaintiffs, are sufficient to satisfy the strictures of Rule 20(a).  This Court now holds that joinder is proper on these facts.

Plaintiffs have sufficiently alleged in the SAC that both individuals were terminated pursuant to the same policy of discrimination conceived of and implemented at a high level within the Kaiser organization, even if that alleged policy was carried by different supervisory employees at different locations.  Plaintiffs do not simply allege that they were employed pursuant to the same general employment policies, but rather that they were terminated pursuant to the same unlawful scheme.  Accordingly, the Court finds the alleged company-wide, age-based wrongful termination policy sufficient to establish that at least some of Plaintiffs' claims arise out of the same transaction or occurrence.  See Mosley v. General Motors Corp., 497 F.2d 1330, 1333-34 (8th Cir. 1974) (individual plaintiffs' claims alleging injuries suffered pursuant to the same discriminatory employment policy properly joined).

For the same reasons, Plaintiffs' age-based causes of action arise out of common questions of law and fact.  For example, issues such as whether a high-level policy did indeed exist, who implemented and disseminated that policy, and whether that termination policy was in fact wrongful all raise common factual and/or legal questions.

7

At this stage in the proceedings, especially given the liberal nature of Rule 20, the Court finds permissive joinder proper under Rule 20(a).

The Court further finds that joinder here comports with notions of fundamental fairness. Fed. R. Civ. Pro. 20(b); Coleman, 232 F.3d 1296.[2] The parties in this case dispute whether or not they will be prejudiced by severance and whether severance or joinder will most promote judicial economy. For example, Defendants primarily allege that, absent severance, they may suffer prejudice at trial, in large part due to anticipated jury confusion. Plaintiffs contend to the contrary that they will be prejudiced by severance because, among other things, their sole practitioner counsel will be forced to litigate two separate actions against a Defendant with much greater resources and because Plaintiffs will be required to duplicate litigation efforts to the extent their claims overlap.

This Court finds that the duplication of litigation efforts that would result from severance at this early stage in the proceedings weighs against severance. Plaintiffs are pursuing claims involving high-level decisions made by the same decision-makers for the same allegedly wrongful reasons.

///

///

---

[2] It is unclear from Defendants' papers under which Rule they seek severance. Defendants cite to Rule 21, but then also rely on authority interpreting Rule 20(b). Rule 21 permits the Court discretion to refuse to sever an action even when parties are misjoined. Because the Court has already determined joinder is proper under Rule 20(a), the Court declines to proceed under Rule 21 here. The Court will nonetheless discuss whether severance is warranted under Rule 20(b).

8

Pursuing these same factual issues in two separate suits, especially considering the disparate resources of the parties, will likely prejudice Plaintiffs.

In addition, Defendants' trial-related arguments are insufficient at this juncture to convince the Court severance is warranted. Indeed, it is highly likely any such hypothetical prejudice to Defendants could be alleviated at trial through proper jury instructions.

Moreover, from an entirely practical perspective, it will be the most economical for the parties and the Court if Plaintiffs prosecute their claims jointly, at least through discovery. Discovery could very well result in the production of information that will bolster Plaintiffs' argument that a high-level Kaiser policy dictated the complained-about ground-level employment decisions. If this action is severed and such evidence supporting Plaintiffs' theory is later uncovered, the Court could potentially be faced with a subsequent motion to consolidate. Severing and later consolidating would result in a waste of this Court's resources as well as those of the parties.[3] Accordingly, both because joinder is proper and because it comports with principles of fundamental fairness, Defendants' Motion to Sever is denied.

///

///

---

[3] Of course, if, to the contrary, evidence supporting Defendants' severance argument is uncovered, and it becomes evident that Plaintiffs' claims lack the requisite similarity, Defendants remain free to renew their current Motion at an appropriate later date.

**CONCLUSION**

For the reasons just stated, Defendants' Motion to Sever Plaintiffs' Claims (ECF No. 52) is DENIED without prejudice.

IT IS SO ORDERED.

Dated: October 14, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE