```
                    UNITED STATES DISTRICT COURT

                   EASTERN DISTRICT OF CALIFORNIA


ROCHELLE WYNES, et al.,              No. 2:10-cv-00702-MCE-GGH

          Plaintiffs,

     v.                              MEMORANDUM AND ORDER

KAISER PERMANENTE HOSPITALS,
et al.,

          Defendants.
                            ----oo0oo----
```

Presently before the Court is Defendants' Motion for Leave to Amend Answer and to File Counterclaim ("Motion"). For the following reasons, Defendants' Motion is GRANTED.[1]

///
///
///
///
///

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing. E.D. Cal. Local Rule 230(g).

**BACKGROUND**

This action was originally filed on March 23, 2010, by Rochelle Wynes, Carmela Ray, Linda Baerresen, Marsha Scribner and Roes 1-75 against Kaiser Permanente Hospitals, Kaiser Permanente, Inc. (together "Kaiser"), a number of individual supervisory Kaiser employees and Does 1-100. The named Plaintiffs were registered nurses employed as senior discharge planners at various Kaiser facilities. According to Plaintiffs, each named Plaintiff was over 40 years old and was fired in 2008 or 2009 only to be replaced by a younger employee. Accordingly, Plaintiffs' common claims were based on age discrimination.

After several stipulations and the filing of the operative Second Amended Complaint ("SAC"), this action now proceeds on the claims of only one Plaintiff, Ms. Wynes (hereafter "Plaintiff"), against Kaiser, Ruby Gartrell, Luann Lamay and Henry Amos. On June 27, 2011, Defendants answered the SAC, and the parties undertook discovery.

Subsequently, in March of 2012, Plaintiff produced approximately 3,000 pages of documents that included 104 pages of Kaiser medical records. Declaration of Candice S. Petty, ¶ 5. In addition, during Plaintiff's deposition, she indicated she "may have" retained copies of medical records. Id., ¶ 6. Defendants demanded Plaintiff return those documents and, when none were forthcoming, filed their instant Motion, by which they seek to add a defense of "after-acquired evidence" and a conversion counterclaim. Id., ¶¶ 6-7. Defendants' Motion is now GRANTED.

**STANDARD**

Typically, leave to amend should be "freely give[n]...when justice so requires." Fed. R. Civ. P. 15(a)(2). Once a district court has filed a Pretrial Scheduling Order ("PTSO") pursuant to Rule 16, as this Court did here on July 28, 2011, however, the standards set forth by Rule 16 control. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992); see also PTSO, 1:25-26.

"Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. In explaining this standard, the Ninth Circuit has stated that:

> [a] district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Moreover, carelessness is not compatible with a finding of diligence and offers no reason for granting of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

Id. (citations omitted).

///
///
///
///
///
///

To demonstrate diligence under Rule 16's "good cause" standard, courts have required movants to show that: 1) they were diligent in assisting the Court in creating a workable Rule 16 order; 2) despite their diligent efforts to comply, their noncompliance with a Rule 16 deadline occurred because of the development of matters that could not have been reasonably foreseen or anticipated;and 3) they were diligent in seeking amendment of the Rule 16 order, once it became apparent that they could not comply with the order.  Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999) (internal citations omitted).

**ANALYSIS**

Defendants argue leave to amend should be freely granted pursuant to Rule 15, but they do not address the good cause standard that governs here pursuant to Rule 16.  The Court nonetheless now finds good cause supports permitting Defendants leave to amend here.

According to Defendants, in approximately March of this year, they received evidence during the discovery process indicating that Plaintiff had illegally retained copies of medical records belonging to Kaiser.  Defendants then demanded that Plaintiff return those records, but she has so far failed to do so.  Based on Plaintiff's purportedly wrongful retention of Kaiser's documents, which retention was discovered only within the two months preceding Defendants' filing of the instant Motion, Defendants now seek to add an additional defense of "after-acquired evidence" as well as a conversion counterclaim.

4

1      Nowhere in her papers does Plaintiff argue Defendants'
2 Motion is untimely, nor does the Court find Defendants have been
3 anything other than diligent in seeking leave to amend so shortly
4 after discovering the facts purportedly giving rise to their
5 current Motion.  Moreover, given that non-expert discovery does
6 not close until November of this year, there is still ample time
7 to litigate these new issues within the confines of the Court's
8 existing PTSO.
9      Indeed, the only real ground on which Plaintiff objects to
10 Defendants' Motion is that amendment would be futile.  Plaintiff
11 may, of course, ultimately prove to be correct.  At this early
12 juncture, however, the Court is unwilling to reject Defendants'
13 proposed claim and defense on the merits. Accordingly, no persuasive
14 arguments to the contrary, Defendants' Motion is now GRANTED.

**CONCLUSION**

     For the reasons just stated, Defendants' Motion for Leave to
Amend their Answer and to File a Counterclaim (ECF No. 63) is
GRANTED.  Defendants are directed to file their amended Answer
and Counterclaim not later than five (5) days following the date
this Memorandum and Order is electronically filed.
     IT IS SO ORDERED.

 Dated: June 19, 2012

                                _____
                                MORRISON C. ENGLAND, JR.
                                UNITED STATES DISTRICT JUDGE