UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ROCHELLE WYNES, et al.,                    No. 2:10-cv-00702-MCE-GGH

              Plaintiffs,

      v.                                   <u>MEMORANDUM AND ORDER</u>

KAISER PERMANENTE HOSPITALS,
et al.,

              Defendants.

----oo0oo----

     Presently before the Court is Defendants' Motion for Leave
to Amend Answer and to File Counterclaim ("Motion").  For the
following reasons, Defendants' Motion is GRANTED.[1]

///

///

///

///

///

---

[1] Because oral argument will not be of material assistance,
the Court ordered this matter submitted on the briefing.  E.D.
Cal. Local Rule 230(g).

1

**BACKGROUND**

2

3      This action was originally filed on March 23, 2010, by

4  Rochelle Wynes, Carmela Ray, Linda Baerresen, Marsha Scribner and

5  Roes 1-75 against Kaiser Permanente Hospitals, Kaiser Permanente,

6  Inc. (together "Kaiser"), a number of individual supervisory

7  Kaiser employees and Does 1-100.  The named Plaintiffs were

8  registered nurses employed as senior discharge planners at

9  various Kaiser facilities.  According to Plaintiffs, each named

10  Plaintiff was over 40 years old and was fired in 2008 or 2009

11  only to be replaced by a younger employee.  Accordingly,

12  Plaintiffs' common claims were based on age discrimination.

13      After several stipulations and the filing of the operative

14  Second Amended Complaint ("SAC"), this action now proceeds on the

15  claims of only one Plaintiff, Ms. Wynes (hereafter "Plaintiff"),

16  against Kaiser, Ruby Gartrell, Luann Lamay and Henry Amos.  On

17  June 27, 2011, Defendants answered the SAC, and the parties

18  undertook discovery.

19      Subsequently, in March of 2012, Plaintiff produced

20  approximately 3,000 pages of documents that included 104 pages of

21  Kaiser medical records.  Declaration of Candice S. Petty, ¶ 5.

22  In addition, during Plaintiff's deposition, she indicated she

23  "may have" retained copies of medical records.  Id., ¶ 6.

24  Defendants demanded Plaintiff return those documents and, when

25  none were forthcoming, filed their instant Motion, by which they

26  seek to add a defense of "after-acquired evidence" and a

27  conversion counterclaim.  Id., ¶¶ 6-7.  Defendants' Motion is now

28  GRANTED.

1

**STANDARD**

2

3       Typically, leave to amend should be "freely give[n]...when

4   justice so requires."  Fed. R. Civ. P. 15(a)(2).  Once a district

5   court has filed a Pretrial Scheduling Order ("PTSO") pursuant to

6   Rule 16, as this Court did here on July 28, 2011, however, the

7   standards set forth by Rule 16 control.  Johnson v. Mammoth

8   Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992); see also

9   PTSO, 1:25-26.

10      "Unlike Rule 15(a)'s liberal amendment policy which focuses

11  on the bad faith of the party seeking to interpose an amendment

12  and the prejudice to the opposing party, Rule 16(b)'s 'good

13  cause' standard primarily considers the diligence of the party

14  seeking the amendment."  Johnson, 975 F.2d at 609.  In explaining

15  this standard, the Ninth Circuit has stated that:

16          [a] district court may modify the pretrial schedule "if
            it cannot reasonably be met despite the diligence of
17          the party seeking the extension."  Moreover,
            carelessness is not compatible with a finding of
18          diligence and offers no reason for granting of relief.
            Although the existence or degree of prejudice to the
19          party opposing the modification might supply additional
            reasons to deny a motion, the focus of the inquiry is
20          upon the moving party's reasons for seeking
            modification.  If that party was not diligent, the
21          inquiry should end.

22  Id. (citations omitted).

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1  To demonstrate diligence under Rule 16's "good cause" standard,

2  courts have required movants to show that: 1) they were diligent

3  in assisting the Court in creating a workable Rule 16 order;

4  2) despite their diligent efforts to comply, their noncompliance

5  with a Rule 16 deadline occurred because of the development of

6  matters that could not have been reasonably foreseen or

7  anticipated;and 3) they were diligent in seeking amendment of the

8  Rule 16 order, once it became apparent that they could not comply

9  with the order.  Jackson v. Laureate, Inc., 186 F.R.D. 605, 608

10 (E.D. Cal. 1999) (internal citations omitted).

11

12                            **ANALYSIS**

13

14     Defendants argue leave to amend should be freely granted

15 pursuant to Rule 15, but they do not address the good cause

16 standard that governs here pursuant to Rule 16.  The Court

17 nonetheless now finds good cause supports permitting Defendants

18 leave to amend here.

19     According to Defendants, in approximately March of this

20 year, they received evidence during the discovery process

21 indicating that Plaintiff had illegally retained copies of

22 medical records belonging to Kaiser.  Defendants then demanded

23 that Plaintiff return those records, but she has so far failed to

24 do so.  Based on Plaintiff's purportedly wrongful retention of

25 Kaiser's documents, which retention was discovered only within

26 the two months preceding Defendants' filing of the instant

27 Motion, Defendants now seek to add an additional defense of

28 "after-acquired evidence" as well as a conversion counterclaim.

4

1    Nowhere in her papers does Plaintiff argue Defendants'

2  Motion is untimely, nor does the Court find Defendants have been

3  anything other than diligent in seeking leave to amend so shortly

4  after discovering the facts purportedly giving rise to their

5  current Motion.  Moreover, given that non-expert discovery does

6  not close until November of this year, there is still ample time

7  to litigate these new issues within the confines of the Court's

8  existing PTSO.

9    Indeed, the only real ground on which Plaintiff objects to

10 Defendants' Motion is that amendment would be futile.  Plaintiff

11 may, of course, ultimately prove to be correct.  At this early

12 juncture, however, the Court is unwilling to reject Defendants'

13 proposed claim and defense on the merits. Accordingly, no persuasive

14 arguments to the contrary, Defendants' Motion is now GRANTED.

15

16                          **CONCLUSION**

17

18    For the reasons just stated, Defendants' Motion for Leave to

19 Amend their Answer and to File a Counterclaim (ECF No. 63) is

20 GRANTED.  Defendants are directed to file their amended Answer

21 and Counterclaim not later than five (5) days following the date

22 this Memorandum and Order is electronically filed.

23    IT IS SO ORDERED.

24  Dated: June 19, 2012

25

26  _____
    MORRISON C. ENGLAND, JR.
27  UNITED STATES DISTRICT JUDGE

28