Ellen C. Dove, Esq., (SBN 06434)
5325 Elkhorn Blvd., #160
Sacramento, CA 95842
Telephone: (916) 331-0111
Fax: (916) 726-8576
Email: edove3136@aol.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCHELLE WYNES,<br><br>   Plaintiff,<br><br>  v.<br><br>KAISER PERMANENTE HOSPITALS, KAISER PERMANENTE, INC., RUBY GARTRELL, LUANN LAMAY, HENRY AMOS, and DOES 1 – 100,<br><br>   Defendants. | CASE NO.: 10-CV-00702-MCE<br><br>PLAINTIFF'S ANSWER TO CROSS CLAIM |

Plaintiff Answers Defendants' Cross-Claim as follows:

GENERAL DENIAL

1. Defendants fail to state facts that would support a cause of action. Their cross-claim has no dates in it, but the materials referenced as alleged confidential patient information are derived from files generated and used in connection with patients hospitalized 14 and seven years before the filing of the claim. In any case, Defendants are mistaken as to the actions referenced in their untimely claim.

-1-

AFFIRMATIVE DEFENSES

2. The claim was initiated merely as a form of intimidation and harassment with a purely retaliatory motivation, especially considering the regulatory body had already closed the matter without any discipline having been issued toward Kaiser and certainly none against Ms. Wynes, who was in the role of whistleblower not perpetrator.  The claim as stated is absurd, frivolous and without merit.

3. Defendants plead no facts that can give rise to a supportable cross-claim.  They do not state facts that provide all the elements of a conversion.  Even within its claim, and its recently filed motion [Docket 119], defendants admit plaintiff returned the materials, or at least, disposed of them as defendant employer requested.  In 2009 she returned to Kaiser the files defendant Amos packed, placed into her car and the balance he had delivered to her home.  She did so in a timely and proper manner, contacting the appropriate regulatory agency to describe what had happened, and seeking its assistance to facilitate the safe return of those files to Kaiser.  To protect herself from an unfair accusation, she sought a precautionary inventory.  The tort of conversion, by definition, is not found in the action of a person maintaining a protective duplicate of any page of records, if plaintiff had indeed done that.

4. The subject actions alleged are barred by the applicable statute of limitations.  Her possession of the duplicate records retained by plaintiff more than seven years before was made known to Kaiser personnel at that time.  Nothing was taken in 2012, and nothing was retained after plaintiff agreed to destroy her and her counsel's copies.

5. Defendants are barred by the doctrine of estoppel.  They requested plaintiff destroy her records, and defense counsel said if that was done defendants would not file a counterclaim.  Plaintiff did as requested, defendants filed the cross-claim nonetheless and then failed to dismiss it once it became moot.

6. Defendants are barred by the doctrine of laches. Defendants failed to act when they first learned plaintiff possessed patient files (in 2000 and 2005) with which she was working in the hospital at a time when the records were pertinent to an inquiry defendant had made of her. She showed the records to defendants when she included them as attachments to her reply when criticized in an unwarranted manner, in 1999 or so and again in 2004 or 2005, but no later than 2006. At those earlier times, defendant failed to insist she return or cease to possess those records which she was utilizing in the course of her work. It did not criticize her then for having or utilizing them.

7. Defendants can neither assert nor can demonstrate they have suffered any damages.

8. If there were any damages, defendants failed to mitigate them. If indeed plaintiff had confidential patient information she should not have possessed from the improperly delivered files, it was provided to her by defendants acting with unclean hands.

9. Defendants come to Court acting in bad faith. They demanded plaintiff and her counsel destroy all copies of the few pages with patient (allegedly confidential) HIPPA protected information. Once plaintiff informed defense counsel these materials were destroyed, the matter raised in the cross-claim became moot.

10. Plaintiff asserts initially she kept the subject nine pages of records by necessity to defend herself if she had to respond to expected false accusations in this matter. She acted in good faith or under a litigation privilege in temporarily preserving those materials to use for only that purpose. When she was assured the accusation would not be raised further should she give up the use of the defense materials, she destroyed them. Defendant is acting in bad faith, and in violation of an informal settlement agreement, when it seeks to go forward with its false accusations, now plaintiff has acceded to defendants request to destroy her explanatory/exculpatory documents.

WHEREFORE, plaintiff prays defendants take nothing by their cross-claim.

/s/ *Ellen C. Dove*

ELLEN C. DOVE,  Attorney for Plaintiff