UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCHELLE WYNES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KAISER PERMANENTE HOSPITALS, et al.,<br><br>　　　　Defendants. | No. 2:10-cv-00702-MCE-EFB<br><br>**MEMORANDUM AND ORDER** |

This case arises out of the termination of Plaintiff/Counterdefendant Rochelle Wynes ("Plaintiff") by her former employer, Kaiser Foundation Hospitals ("Kaiser"). Plaintiff filed her operative Second Amended Complaint ("SAC") on June 15, 2011. (ECF No. 48.) Defendants answered on June 27, 2011. (ECF No. 51.) On May 2, 2012, Defendants filed a Motion for Leave to Amend Answer and File Counterclaim, which the Court granted by its June 19, 2012, Order. (ECF Nos. 63, 69.) Defendants' Amended Answer, filed on June 20, 2012, included Kaiser's Counterclaim for conversion against Plaintiff. (ECF No. 70.) Plaintiff took no action to respond to the Counterclaim until after Kaiser had filed a Motion for Default Judgment on April 4, 2013. (ECF No. 119.) On April 7, 2013, Plaintiff finally filed her Answer to the Counterclaim. (ECF No. 120.)

1

On April 29, 2013, Kaiser filed the instant Motion to Strike Plaintiff's Answer pursuant to Federal Rule of Civil Procedure[1] 12(f) ("Motion to Strike"), and subsequently withdrew its Motion for Default Judgment.  (ECF Nos. 126 & 127.)  Plaintiff opposes Kaiser's Motion to Strike.  (ECF No. 128.)  For the reasons that follow, Kaiser's Motion to Strike is GRANTED.[2]

**STANDARD**

The Court may strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  "[T]he function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . ." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).  The decision to grant or deny a motion to strike is vested in the trial judge's sound discretion. Cal. Dept. of Toxic Substances Control v. Alco Pacific, Inc., 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002).  However, federal courts disfavor motions under Rule 12(f) and generally view them as a drastic remedy.  See, e.g., Freeman v. ABC Legal Servs., Inc., 877 F. Supp. 2d 919, 923 (N.D. Cal. 2012); Mag Instrument, Inc. v. JS Products Inc., 595 F. Supp. 2d 1102, 1006 (C.D. Cal.2008); Sorenson v. Countrywide Home Loans, Inc., 2010 WL 308794, at *2 (E.D. Cal. Jan. 12, 2010).  "If the court is in doubt as to whether challenged matter may raise an issue of fact or law, the motion to strike should be denied, leaving an assessment of the sufficiency of the allegations for adjudication on the merits." Sliger v. Prospect Mortg., LLC, 789 F. Supp. 2d 1212, 1216 (E.D. Cal. 2011) (citing Whittlestone, Inc. v. Handi–Craft Co., 618 F.3d 970, 973 (9th Cir.2010)).

///

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless noted otherwise.

[2] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. R. 230(g).

**ANALYSIS**

Kaiser moves to strike Plaintiff's Answer to the Counterclaim on the following grounds: (1) the Answer is untimely; (2) Plaintiff's general denial is improper; and (3) Plaintiff has not provided any substantive responses to Kaiser's allegations.  (ECF No. 126 at 3-4.)

Pursuant to Rule 12(a)(1)(B), Plaintiff should have filed an answer to Kaiser's Counterclaim within 21 days after being served with the pleading containing the Counterclaim.  See Fed. R. Civ. P. 12(a)(1)(B).  Here, Plaintiff filed her Answer more than nine months after Defendants had filed and served their Amended Answer containing the Counterclaim.  Accordingly, Plaintiff's Answer is clearly untimely. However, federal courts in this and other circuits generally hold that the untimeliness of an answer, even if extreme like in the present case, is not, by itself, a sufficient reason for granting a motion to strike.  See McCabe v. Arave, 827 F.2d 634, 639–40 (9th Cir. 1987) (concluding that a district judge did not abuse his discretion by denying the plaintiffs' request that the defendants' defenses be stricken from an answer that plaintiffs received on the day of trial); AT & T Corp. v. Dataway Inc., 577 F. Supp. 2d 1099, 1103 (N.D. Cal. 2008) (declining to strike an answer that was filed 170 days after the filing deadline where counsel admitted to his oversight, the plaintiff had been "vigorously defending and prosecuting" the action, and the moving party had not previously raised plaintiff's failure to answer); Beal v. U.S. Dept. of Agriculture, 2012 WL 3113181, at *2 (E.D. Wash. Jul. 31, 2012) (declining to strike an answer, which was filed 14 months late, in light of "a judicial preference for deciding matters on their merits when possible"); Estate of Hirata v. Ida, 2011 WL 3290409, at *3 (D. Haw. June 14, 2011) (declining to strike an answer that was more than nine months late where defendants "demonstrated an intent to defend the case on the merits").

///

///

Taking into consideration that Plaintiff has been actively prosecuting this action and in light of a strong judicial preference for resoling cases on their merits, the Court finds that the untimeliness of Plaintiff's answer does not, by itself, warrant striking Plaintiff's pleading.

The above notwithstanding, the Court concludes that Plaintiff's Answer to Kaiser's Counterclaim should be stricken for Plaintiff's failure to comply with the requirements of Rule 8(b). Pursuant to Rule 8(b), in responding to a pleading, the responding party must state "its defenses to each claim asserted against it," and "admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1). In addition, "[a] denial must fairly respond to the substance of the allegation." Fed. R. Civ. P. 8(b)(2). A party may use a general denial only if it "intends in good faith to deny all the allegations of a pleading." Fed. R. Civ. P. 8(b)(3). However, general denials are uncommon in federal court because "situations in which the [pleading] can be completely controverted are quite rare." 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1265 (3d ed. 2004). "This means that an answer consisting of a general denial will be available to a party acting in good faith only in the most exceptional cases." Id. Where a party "does not intend to deny all" of the pleading's allegations, that party "must either specifically deny designated allegations or generally deny all except those specifically admitted." Fed. R. Civ. P. 8(b)(3).

Plaintiff's Answer to Kaiser's Counterclaim contains a section entitled "General Denial," which states in full:

> Defendants fail to state facts that would support a cause of action. Their cross-claim has no dates in it, but the materials references as alleged confidential patient information are derived from files generated and used in connection with patients hospitalized 14 and seven years before the filing of the claim. In any case, Defendants are mistaken as to the actions referenced in their untimely claim.

(ECF No. 120.) The above-quoted section does not meet Rule 8(b)'s pleading requirements.

///

First, this section does not set forth any words of denial and does not contain any language that can reasonably be construed as a denial of any allegations asserted in Kaiser's Counterclaim. Rather, it appears that Plaintiff attempts to assert an affirmative defense based on Kaiser's failure to state a claim upon which relief may be granted. Accordingly, Plaintiff's "General Denial" not only fails to either admit or deny the allegations asserted against Plaintiff in the Counterclaim, see Fed. R. Civ. P. 8(b)(1)(B), but also fails to "fairly respond to the substance of [Kaiser's] allegation," see Fed. R. Civ. P. 8(b)(2).

Second, even were the Court to construe Plaintiff's statement as denying each and every allegation in the Counterclaim, such a denial is not permissible unless Plaintiff "intends in good faith to deny all the allegations" of the Counterclaim. See Fed. R. Civ. P. 8(b)(3). Because Kaiser's Counterclaim contains some allegations that Plaintiff cannot reasonably deny,[3] Plaintiff's "general denial" is clearly improper. Even if Plaintiff intends to deny parts of the Counterclaim's allegations, Rule 8(b)(4) requires her to "admit the part that is true and deny the rest." Accordingly, Plaintiff's Answer is impermissible under Rule 8(b).

In light of Plaintiff's blatant disregard of Rule 8(b)'s pleading requirements, the Court finds that Plaintiff's improper Answer must be stricken. However, given a strong judicial preference for resolving cases on their merits, see Patapoff v. Vollstedt's, Inc., 267 F.2d 863, 865 (9th Cir.1959), the Court will afford Plaintiff one opportunity to correct the deficiencies of her responsive pleading even though Plaintiff has not asked the Court for leave to amend the Answer.[4]

---

[3] For example, the Counterclaim asserts that Kaiser is a "covered entity" under the Health Information Portability and Accountability Act and is also a "health facility" under California Health & Safety Code § 1280.15(b)(1). (ECF No. 70 at 13.)

[4] Plaintiff and her counsel are reminded that denials of factual contentions constitute a certificate by the attorney or party presenting the answer to the Court that the denials are "warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information." Fed. R. Civ. P. 11(b)(4). Although the Court declines to sanction Plaintiff at this time for her blatant disregard of the applicable procedural rules, Plaintiff and her counsel are hereby warned that any future non-compliance with the applicable procedural requirements or filing deadlines will result in sanctions. See Fed. R. Civ. P. 11(c); E.D. Cal. R. 110.

**CONCLUSION**

For the reasons set forth above, it is hereby ORDERED that:

1. Kaiser's Motion to Strike Plaintiff's Answer (ECF No. 126) is GRANTED. Accordingly, Plaintiff's Answer to the Counterclaim (ECF No. 120) is STRICKEN.

2. Plaintiff is directed to file an Amended Answer within seven (7) days from the date this Order is electronically filed.  Plaintiff's failure to file, within said seven (7) days, an Amended Answer in compliance with the pleading requirements set forth in Rule 8(b) will result in Plaintiff's default.  The Court will not entertain any requests for late filing and will not afford Plaintiff any further leave to amend her answer.

IT IS SO ORDERED.

DATED: June 5, 2013

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT